*Lorenzo v. Vermont Department of Taxes*, No. 213-3-14 Wncv (Teachout, J., May 7, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                 **CIVIL DIVISION**
**Washington Unit**                                              **Docket No. 213-3-14 Wncv**

**SOL LORENZO**
    **Appellant**

    **v.**

**VERMONT DEPARTMENT OF TAXES**
    **Appellee**

## DECISION
### The Department's Motion to Alter or Amend

In this tax appeal, the court ruled in a Decision issued February 4, 2015 that, *as the issue of domicile was presented to the Commissioner*, the burden was on the Department to prove that Mr. Lorenzo's domicile in 2008 was Vermont, that the hearing officer imposed the wrong burden of proof and erred by imposing it on Mr. Lorenzo, and that prejudice resulted.[1] The court vacated the administrative decision and remanded the case to the Department for a new domicile hearing. The mandate specifies that the Department bears the burden of proving by a preponderance that Mr. Lorenzo's 2008 domicile was Vermont.

The Department filed a Rule 59 motion. It argues that the Commissioner found that Mr. Lorenzo was domiciled in Vermont in 2006 and 2007, and that therefore the burden should switch to Mr. Lorenzo to prove by clear and convincing evidence that his domicile changed to Florida in 2008. The Department cites *Quazzo v. Dep't of Taxes*, 2014 VT 81, for the proposition that the party claiming a change of domicile has the higher burden of proof. It thus argues that the court ruled in Mr. Lorenzo's favor in error and, in any event, if the case is remanded, the mandate should be modified to require either: (1) Mr. Lorenzo to prove a change of domicile in 2008; or (2) the Department to first prove Mr. Lorenzo's 2007 domicile and Mr. Lorenzo to then prove a change of domicile for 2008.

*The Commissioner's findings*

The Department argues that the Commissioner found that Mr. Lorenzo was domiciled in Vermont in 2006 and 2007, or at least 2007. Thus, according to the Department, the court has incorrectly switched the burden to it—the burden should have been on Mr. Lorenzo to prove the change of domicile to Florida in 2008. This argument remains incorrect, however. The Commissioner discussed some evidence regarding domicile in 2006 and 2007 but did not make a clear domicile finding for either year. Under the Department's domicile rule, this left the burden

---

[1] As explained in the court's February 4 decision, the hearing officer purported to evaluate the evidence under a deferential appellate standard of review rather than by making findings according to the evidentiary burden of proof plainly required by the Department's domicile rule. The Department's suggestion that this error was harmless was rejected in the February 4 decision and requires no elaboration here.

of proving 2008 domicile on the party advancing on that issue, which was the Department. Because a previous domicile had not been established upon which to predicate a subsequent change, the burden was by a preponderance. There is no basis for Rule 59 relief on this issue.

*Quazzo and its implications*

In *Quazzo*, the taxpayer wanted his domicile to be Vermont and the Department challenged that. He owned a vacation home in Vermont for many years and claimed that at some point his domicile switched from New York to Vermont. There was no dispute that he was domiciled in New York up until the alleged switch to Vermont. The Supreme Court ruled that, even though he had been claiming Vermont domicile for many years, and the Department had been accepting that representation, now that domicile was in dispute, the taxpayer (the party advancing on the issue) had the burden to prove the change of domicile from New York to Vermont under the Department's domicile rule.

Ideally, any time domicile is at issue, the parties would be able to stipulate to an agreed upon location of domicile at some point in the past. Under the domicile rule, whichever party claims a subsequent a change of domicile would have the burden to do so with clear and convincing evidence. That is precisely what happened in *Quazzo*.

This case is more complicated. There was no agreed upon historical domicile on which to predicate subsequent changes. The parties presented the predicate domicile location itself as a disputed issue. Under the domicile rule, specification of which party has the burden of proof and how heavy the burden is depends on who is claiming the particular location of domicile and whether that location is establishing domicile in the first place or is a change from a prior, established location of domicile.

In this case, the Commissioner did not make a finding on historical domicile and the Department was claiming that Vermont is the 2008 domicile. The Department thus had the burden of proving that by a preponderance of the evidence. That remains the posture of the case on remand and the mandate accurately reflects that.

There is no basis for Rule 59 relief.

## ORDER

For the foregoing reasons, the Department's Motion to Alter or Amend is *denied*.

Dated at Montpelier, Vermont this _____ day of May 2015.

_____
Mary Miles Teachout
Superior Judge

2